BOWLING GREEN SCHOOL DISTRICT (BD. OF ED.) v. EDWARD BEVERSTOCK.

TEACHERS EMPLOYED WITHIN THREE MONTHS AFTER CLOSE OF TEACHER'S INSTI-
TUTE MAY RECOVER SALARY UNDER REV. STAT. 4091 (LAN. 6683).

> Under favor of Rev. Stat. 4091 (Lan. 6683), which provides for the pay-
> ment of their regular salary to public school teachers in any county
> in which a teacher's institute is held, while in attendance thereat, not
> only those teachers who have already been employed for the ensuing
> year but whose schools do not open until after the holding of the in-
> stitute are entitled to a payment of such salary, but also those who, at
> the time of the institute, have not yet been, but are thereafter engaged
> within three months after the close of the institute.

[Syllabus approved by the court.]

ERROR to Wood common pleas court.

**J. O. Troup** and **J. W. Gabriel,** for plaintiff.
**Edward Beverstock,** for defendant.

HAYNES, J.

A petition in error is filed by the board of education of the Bowl-
ing Green city school district, which was defendant below, against
Edward Beverstock, a taxpayer, who was plaintiff below, to reverse a
judgment of the court of common pleas of Wood county. The case was
heard in that court upon a demurrer to the petition, and the defendant
not desiring to plead further, final judgment was entered upon the over-
ruling of the demurrer. The points of error cited in the petition here are
that the court erred in overruling the demurrer, and erred in rendering
judgment in favor of the plaintiff in said cause.

The action grows out of the fact that the board of education of
the city of Bowling Green was about to pay the teachers of the schools
of the district for the time that they spent in attending the teachers'
institute of Wood county which was held sometime in August of the
current year, I believe.

Teachers' institutes, as it is known, are conducted under an act
of the state of Ohio and are county institutions and are held for the pur-
pose of instructing persons who expect to become, or are already teach-
ers of schools, the purpose being to make a more efficient corps of
teachers. Revised Statutes 4091 (Lan. 6683) recognizes those institu-
tions and provides for teachers of the schools attending the same; the
language of the statute being as follows: ''All teachers of the public

schools within any county in which a county institute is held may dismiss their schools for one week for the purpose of attending such institute, and when such institute is held while the schools are in session the boards of education of all school districts are required to pay the teachers of their respective districts their regular salary for the week they attend the institute upon the teachers presenting a certificate of full regular daily attendance at said institute signed by the president and secretary thereof; the same to be paid as an addition to the first month's salary after said institute by the board of education by which said teacher is then employed, or in case he is unemployed at the time of the institute, then by the board next employing said teacher, provided the term of said employment begins within three months after said institute closes.''

The petition in this case to which we are to look for the facts sets forth that the city of Bowling Green is a school district, and that it has a board of education, created and acting under and by virtue of the laws of Ohio. That annually in the month of August of each year there is held in Wood county a county institute at which a great many of the teachers employed throughout the county, attend for the purpose of more efficiently preparing themselves for the occupation of a teacher; that said county institutes are usually held from the twentieth day of August to the twenty-fifth day of August of each year. That prior to the twentieth day of August of each year the board of education of the Bowling Green city school district of Wood county, Ohio, employs and hires all teachers, superintendents and principals necessary for the instruction of the pupils in the schools in said district for the year beginning the first Monday in September, following the holding of said county institute in August. That on August 21, 1905, the board of education of the Bowling Green city school district of Wood county, Ohio, authorized the defendant, Newton R. Harrington, as clerk of said board, to issue an order to all teachers who presented certificates of attendance at the institute held August 21, 1905, for the payment of such sum due them for one week's pay according to the rate for which said board hired them for the ensuing year, and also authorized the clerk to issue orders to such of the teachers as presented certificates for attendance at the institute held in August, 1904. That at the time of the holding of said county institute the schools in the Bowling Green city school district of Wood county, Ohio, were not in session and had not been in session for more than two months prior thereto, and for the year 1904 did not convene for about two weeks thereafter; and that said schools within said district were not

Board of Education v. Beverstock.

dismissed for the purpose of attending such institute, and that all the teachers who are proposed to be paid by the order of the board of education so passed on August 21, 1905, were at the time of attending said institute duly and regularly employed as teachers by the board of education of the Bowling Green city school district of Wood county, Ohio, both during the time of the institute held in August, 1904, and during the time of the institute being held in August, 1905. That the payment of said teachers so authorized by the said board of education is illegal and contrary to law and is a diversion and misappropriation of the funds raised by taxation for the purpose of conducting the schools of said district, and that unless restrained by this court, said funds will be so unlawfully withdrawn from the treasury and so diverted and misappropriated to the irreparable damage, loss and injury to this taxpayer and the other taxpayers of said district. That this action is brought on behalf of plaintiff as a taxpayer of said district and of the other taxpayers of said Bowling Green city school district of Wood county, Ohio. That by the action of said board of education there will be paid out of the funds so raised by taxation, unlawfully and without authority of law, about eight hundred dollars. Wherefore the plaintiff prays that the clerk may be enjoined from issuing any order or paying any moneys out of the treasury upon the order of said board and that upon final hearing the injunction may be made perpetual, etc.

Revised Statutes 4091 (Lan. 6683) as has been stated by counsel is not very clearly drawn, but we think we may fairly and easily deduce certain facts from it in regard to this matter that will be governing in the decision of the case.

We think that in the classification of this statute, there are two classes of persons designated. There are teachers in schools that are teaching at the time the institute is to be in session, and in order to attend the sessions of the institute it becomes necessary for them to dismiss their schools for the period of a week. And there are another class who are unemployed at the time of attending the institute, and who are to be paid by the school district that may thereafter employ them; the statute reading: "All teachers of the public schools within any county in which a county institute is held may dismiss their schools for one week for the purpose of attending such institute, and when such institute is held while the schools are in session the boards of education of all school districts are required to pay the teachers of their respective districts their regular salary for the week they attend the institute upon the teachers presenting a certificate of full regular daily attendance at said institute signed by the president and secretary thereof;" * * *

Wood County.

That relates of course to persons who are actually employed in teaching at the time. * * * "The same to be paid as an addition to the first month's salary after said institute by the board of education by which said teacher is then employed, or in case he is unemployed at the time of the institute," * * * Certainly that relates to another class of persons * * * "then by the board next employing said teacher, provided the term of said employment begins within three months after said institute closes."

It seems to be the custom to have these institutes held during the vacation of the schools. We gather from this petition that the terms of the schools are from a period in September until the school term closes the next year,—usually in May or June, and that there is a period between the termination of the preceding year and the commencement of the next school year in which there are no school sessions, and in which the teachers are not hired or paid; it is a period of vacation, so to speak. Now the claim is that these teachers, that have been, it is said, employed prior to the twentieth of August, are not employed within the meaning of the statute as teachers of a school district, and the sessions of the institute being held during vacation they did not dismiss, nor could they dismiss their schools, for the reason that their schools were not in session.

Well, now we think a fair and liberal construction is to be given to the statute. The matter of education in the state of Ohio is one that has always met with favorable consideration. In the very organization of the state a large amount of property was sold and the money received therefor placed in the treasury, and the state of Ohio has been paying interest on it ever since for the support of the schools, and liberal provision of money has been made to improve the standing and efficiency of teachers. And in furtherance of this idea, institutes have been established and the teachers encouraged to attend them, the provision being that the teachers may dismiss their schools for that purpose, if necessary.

In regard to the other class I have referred to, it is claimed that because they were hired that they were employed at the time, and were in the employ of the school board but as they did not dismiss their schools at that time, they are not entitled to recover anything for institute attendance. We are unable to take that view of the case. We think that these teachers although they are named to teach on terms to commence in a future time, they are not employed as teachers in the school until the second of September, when they actually go to work, and when their pay commences. There is no school. These teachers who

Board of Education v. Beverstock.

have been appointed to places are employed during the vacation in other ways; their time is their own; they are following their own business matters and own interests and are employed in that way, and they are not employed at actual teaching; they are unemployed as teachers; they are not engaged in teaching, hence they come under that class who are unemployed and are to be paid by the board next employing them, provided the term of said employment begins within three months after said institute closes.

If the teachers who were employed or named by the board prior to the twentieth, the date of the institute, had been re-employed or named by the board as teachers after institute closed on the twenty-fifth, they certainly would have been re-employed teachers at the time of the institute, and, as we hold entitled to be paid for the time they attended the institute. Why should their claims for payment be better than those named or employed prior to the twentieth. Their situation in reality is the same. They are named during vacation to teach upon the opening of the schools. They are in fact, teachers not employed or engaged in teaching, and will not be so employed or engaged until school opens. They are unemployed because their term has not commenced and they are not engaged in teaching, their terms have not commenced.

Now the time of payment is not a matter material here. The question is whether they are entitled to be paid and we think clearly that they are so entitled under the statute. We think that is a just and fair construction of the statute and carries out the idea of the legislature in enacting it; that it was their purpose to get teachers who are competent and efficient in carrying on the profession of teaching schools.

The petition of the plaintiff will be dismissed. We think we may reverse this judgment and proceed to render the judgment that the court of common pleas ought to have rendered dismissing the petition, and it is so ordered.

**Parker** and **Wildman, JJ.,** concur.